UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED POOL DISTRIBUTION, INC.,

                                      Plaintiff,          Case # 22-CV-06314-FPG

v.                                                                  DECISION AND ORDER

CUSTOM COURIER SOLUTIONS, INC.,

                                      Defendant.

Plaintiff, United Pool Distribution, Inc. ("Plaintiff"), brings this action alleging misappropriation of trade secrets, misappropriation of ideas, breach of contract, unfair competition, unjust enrichment and tortious interference against Defendant, Custom Courier Solutions, Inc. ("Defendant"). ECF No. 38. Currently pending before the Court is Plaintiff's first motion for partial summary judgment, solely with respect to its breach of contract claim. ECF No. 45. Defendant responded to Plaintiff's motion, requesting an extension of the time to file a response. ECF No. 46. For the following reasons, Plaintiff's motion for partial summary judgment is DENIED as premature and Defendant's motion is DENIED as moot.

Plaintiff filed this action in July 2022. Shortly thereafter the case proceeded to discovery under the supervision of Magistrate Judge Marian W. Payson. On February 9, 2023, Plaintiff filed a motion to amend its complaint, "to add one new claim based in large part on discovery developments." ECF No. 31 at 2. The motion to amend was granted on March 14, 2023 and the amended complaint was filed on March 28, 2023. ECF No. 35, 38. Thereafter, the parties continued discovery and, on July 13, 2023, filed a stipulated motion to extend fact discovery through November 13, 2023, arguing together that "[d]iscovery is well underway. But both parties agree that extension of discovery deadlines is necessary to facilitate further document review, depositions, and expert discovery." ECF No. 43. Two weeks later, and to the Court's surprise,

Plaintiff filed its first motion for partial summary judgment, but only with respect to its claim for breach of contract. ECF No. 45. Plaintiff argues that "[i]t is a straightforward motion on a single issue." ECF No. 47 at 1. However, Plaintiff's motion is in fact a single claim requiring the resolution of multiple fact-intensive issues, including whether there was a valid, enforceable contract and whether Plaintiff performed under that contract. These issues go directly to the heart of Plaintiff's claims against Defendant. *See generally*, ECF No. 45-1 at 2.

Defendant responds by saying that "[t]here exists at this time various unresolved issues with respect to discovery that have not been resolved." ECF 46-1 at ¶ 10. Defendant's statement is credible since merely two weeks had gone by since the last discovery scheduling order extending deadlines prior to Plaintiff's motion. While on the one hand, Plaintiff had the benefit of deposing Defendant's 30(b)(6) representative on July 12, 2023 prior to filing its motion on August 1, 2023, Defendant did not receive that same opportunity until August 10, 2023, and only partially so because certain discovery items needed for that deposition were not produced until August 9, 2023. *Id.* at ¶¶ 7, 9, 14. Defendant further attests that they have not yet obtained a transcript of that incomplete deposition. *Id.* at ¶ 9. Finally, not only has Defendant only recently had the opportunity to partially depose Plaintiff's 30(b)(6) representative, but that representative is also the signatory who signed the contract in dispute in this case on behalf of the Plaintiff. ECF No. 1-1 at 3.

While Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), no party should be "unjustly deprived of [their] ability to meet [their] burden of production" at summary judgment. *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). In short, as both parties stipulated just a few weeks ago, "[d]iscovery is well underway," ECF No. 43, and the Court will not participate in "railroad[ing] [the Defendant] into [] offer[ing] proof in opposition to summary

judgment." *Trebor Sportswear Co., Inc.*, 865 F.2d at 511; *see also Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have 'a fully adequate opportunity for discovery.'"); *Toussie v. Allstate Insurance Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("Rule 56(b) allows a summary judgment motion to be made 'at any time.' But courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.").

Accordingly, the Plaintiff's Motion for partial Summary Judgment (ECF No. 45) is DENIED without prejudice to refiling upon the close of discovery and Defendant's Motion to Enter a Briefing Schedule (ECF No. 46) is DENIED as moot.

IT IS SO ORDERED.

Dated: August 24, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York