UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED POOL DISTRIBUTION, INC., | |
| Plaintiff, | Case No. 6:22-cv-06314 |
| v. | Judge Frank P. Geraci, Jr. |
| CUSTOM COURIER SOLUTIONS, INC., | Magistrate Judge Marian W. Payson |
| Defendant. | |

**UNITED POOL'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REDACT AND TO SEAL EXHIBITS
TO OPPOSITION TO CCS'S MOTION FOR SUMMARY JUDGMENT**

Under Local Rule 5.3(b)(2), United Pool gives notice of this motion to permanently redact Exhibits 1, 12, and 13 and to permanently seal Exhibits 6–11 and 15–27 to its opposition to CCS's motion for summary judgment. Unredacted, sealed copies of these exhibits are attached to this motion. Each of these documents falls into at least one of four categories of information that should be protected from public disclosure:

1. **United Pool's business opportunities with a third party (Exhibit 1).** Exhibit 8 to Exhibit 1 (Ayer deposition transcript) is a confidential email from United Pool to CCS about a business opportunity with a third party other than Burlington.

2. **CCS's business communications with Burlington (Exhibit 6).** Exhibit 6 is a business communication between CCS and Burlington. CCS has designated this document confidential under the protective order.

3. **United Pool's trade secrets, ideas, and confidential information (Exhibits 7–13).** Exhibits 7–13 are documents that contain some of United Pool's trade secrets, ideas, and confidential information that United Pool contends CCS misappropriated.

1

4.     **United Pool's confidential nondisclosure and noncompetition agreements with third parties (Exhibits 15–27).** Exhibits 15–27 are United Pool's confidential nondisclosure and noncompetition agreements with third parties. These agreements contain confidentiality provisions. *See, e.g.*, Ex. 15 § 2(B); Ex. 16 § 2(B); Ex. 17 § 2(B); Ex. 18 § 1(B); Ex. 19 § 1(B); Ex. 20 § 1(B); Ex. 21 § 1(B); Ex. 22 § 12(B); Ex. 23 § 12(B); Ex. 24 § 12(B); Ex. 25 § 12(B); Ex. 26 § 12(B); Ex. 27 § 12(B).

## MEMORANDUM OF LAW

The documents described above are the types of documents that courts in this Circuit routinely redact and seal "because they contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 1:15-CV-00211, 2021 WL 2935963, at *2 (S.D.N.Y. July 13, 2021) (applying *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). This information includes, for example, "confidential information about pricing and profit," business "strategies," and "competitive analyses." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No 1:21-cv-11003, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (quoting *Grayson v. GE*, No. 3:13-CV-1799, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308, 2016 WL 1276450, at *11–12 (S.D.N.Y. Mar. 29, 2016); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. Mar. 7, 2011)). When this information affects the privacy interests of third parties, sealing is all the more appropriate. *See City of Providence v. BATS Glob. Mkts., Inc.*, No. 14-CV-2811, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). That is the case here; United Pool requests to redact and seal documents that contain United Pool's confidential business information and that affect the privacy interests of

Burlington and other third parties. If this material were disclosed, it would allow competitors to unfairly compete against United Pool for Burlington and others' business.

This targeted sealing and redaction will strike an appropriate balance between United Pool's, CCS's, and third parties' rights to protect their confidential and proprietary business information and the public's right of access to Court filings. *See Lugosch*, 435 F.3d at 119–20.

Original, unredacted documents, supporting materials, and a proposed order will be delivered to the Chambers of Judge Geraci for consideration.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 15, 2023 | s/ Andrew E. Samuels<br>*Attorney for Plaintiff* |

**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212-589-4200
Robyn M. Feldstein
rfeldstein@bakerlaw.com
Nicholas M. Rose
nrose@bakerlaw.com

200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone: 614.228.1541
Rand L. McClellan (*pro hac vice*)
rmcclellan@bakerlaw.com
Andrew E. Samuels (*pro hac vice*)
asamuels@bakerlaw.com