UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED POOL DISTRIBUTION, INC.,

                                  Plaintiff,        Case # 22-CV-06314-FPG

v.                                                              DECISION AND ORDER

CUSTOM COURIER SOLUTIONS, INC.,

                                  Defendant.
_____

Currently pending before the Court is Plaintiff's motion to strike Defendant's opposition to its own motion to seal. ECF No. 64. For the following reasons, Plaintiff's motion to strike is DENIED.

On December 1, 2023, Defendant filed a motion for summary judgment attaching certain documents that were marked as confidential by Plaintiff pursuant to the stipulated protective order entered by Magistrate Judge Marian Payson. ECF No. 53; ECF No. 41. To avoid violating the protective order, Defendant redacted those documents marked as confidential, and filed a separate motion to seal those documents. ECF No. 54. In its motion to seal, Defendant noted that it did not believe that those exhibits were in fact confidential, but nevertheless requested that the Court "grant [its] motion to file under seal." *Id.* ¶11. Defendant also requested that the Court "require United Pool to make the necessary showing that the redacted material is, in fact confidential." *Id.* ¶ 12. The Court reserved on deciding the motion to seal and invited the parties to supplement the motion. ECF No. 56. After Plaintiff supplemented Defendant's motion to seal its confidential documents, ECF No. 61, Defendant then filed a motion opposing its own motion to seal. ECF No. 63. Plaintiff then filed the present motion to strike Defendant's opposition. ECF No. 64.

A party may move to strike from any pleading any "[r]edundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are discretionary, and unless the

1

pleading has "no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones," such motions are generally disfavored. *G–I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 555 (S.D.N.Y.2002).

Here, although Defendant's opposition to its own motion to seal is potentially wasteful of the Court's time, it is not redundant, immaterial, impertinent, or scandalous. In its opposition memorandum, Defendant raised objections to Plaintiff's arguments regarding the confidentiality of certain documents, which it did not raise in its original motion to seal. Although the opposition effectively causes Defendant to contradict its own motion, it is not redundant. Defendant's opposition is also not immaterial as it directly responds to arguments made by Plaintiff regarding the confidentiality of certain documents. Moreover, denying Plaintiff's motion to strike would not prejudice Plaintiff because the motion contained arguments responding to Defendant's opposition. *See generally*, ECF No. 64. Accordingly, the Court will consider those arguments in conjunction with the original motion to seal but denies the motion to strike Defendant's opposition.

IT IS SO ORDERED.

Dated: June 13, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York