UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED POOL DISTRIBUTION, INC.,

                                  Plaintiff,        Case # 22-CV-06314-FPG

v.                                                  DECISION AND ORDER

CUSTOM COURIER SOLUTIONS, INC.,

                                Defendant.

       Currently pending before the Court are Plaintiff's and Defendant's motions to seal. ECF Nos. 54 & 60. For the following reasons, both motions are GRANTED.

       Both the common law and the First Amendment accord a presumption of public access to judicial documents. *See United States v. Doyle*, No. 19-CR-2, 2019 WL 3772885, at *1 (W.D.N.Y. Aug. 9, 2019) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Therefore, when a party moves to seal a document, courts must engage in a three-step analysis to determine whether the document should be sealed. *See id*. First, the court must determine whether the document is a "judicial document" to which the presumption of access attaches, that is, whether the document "is relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). If it is, the Court must determine the weight of the presumption of access, which "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant vale of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Finally, the court must balance the weight of the presumption against "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050).

       Plaintiff seeks to seal the following documents: (1) a confidential email sent from Plaintiff to Defendant about a business opportunity with a third party, (2) a business communication between Defendant and a third party, (3) Documents to Plaintiff contends are trade secrets, ideas,

1

and other confidential information that Plaintiff alleges Defendant misappropriated, and (4) a collection of Nondiscolosure noncomopetition agreements with various of Plaintiff's business partners. Defendant seeks to seal certain e-mails which are attached as exhibits to Defendants motion for summary judgment. These e-mails involve communications with some of Plaintiff's business partners and other third parties regarding non-public business dealings with those third parties and others. Some of the e-mail communications contain information about pricing and other strategic business information. Defendant also seeks to redact portions of the deposition transcript of Plaintiff's 30(b)(6) representative which involve the discussion of those documents that it seeks to seal.

The documents and the corresponding portion of the deposition transcript that Plaintiff and Defendant seek to seal are the types of documents that courts in this Circuit routinely redact and seal "because they contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 1:15-CV-00211, 2021 WL 2935963, at *2 (S.D.N.Y. July 13, 2021) (applying *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). This information includes, for example, "confidential information about pricing and profit," business "strategies," and "competitive analyses." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No 1:21-cv-11003, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (quoting *Grayson v. GE*, No. 3:13-CV-1799, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308, 2016 WL 1276450, at *11–12 (S.D.N.Y. Mar. 29, 2016); *GoSMiLE, Inc. v. Dr. Jonathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. Mar. 7, 2011)). When this information affects the privacy interests of third parties, sealing is all the more appropriate. *See City of Providence v. BATS Glob. Mkts., Inc.*, No. 14-CV-2811, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). That is the case here; both parties seek to seal and redact confidential business information and that affect the privacy interests of third parties. If this material were disclosed, it would allow competitors to unfairly compete against Plaintiff for its customers.

Accordingly, Plaintiff's motion to seal (ECF No. 60) is GRANTED and Defendant's motion to seal (ECF No. 54) is GRANTED.

IT IS HEREBY ORDERED THAT the following documents shall be sealed or redacted:

| ECF No. | Portions to seal/redact |
|---|---|
| 53-4 | Vol. 1: Redact 24:1–18, 28:12–19, 33:1–9, 33:12–13, 33:16–24, 43:4–23, 46:16–19, 46:21–47:24, 51:1–6, 52:18–24, 62:22–24, 63:1–8, 66:3–67:20, 67:22–24, 68:2–15, 68:18–24, 69:1–5, 69:7, 69:9–13, 69:21–70:4, 70:7–11, 72:2–74:13, 76:7–11, 76:13, 76:15–16, 76:18, 80:2–15, 81:10–82:5, 82:8–23, 85:13–15, 85:17–19, 85:21–88:23, 89:1, 89:3–90:24, 99:4–23, 106:23–108:5, 108:9–11, 108:13, 108:15–18, 108:20, 108:22–24, 109:1–2, 109:4, 109:9–19, 120:1–121:24, 123:20–124:15, 142:2–13, 142:15–23, 143:1–3, 143:5–15, 148:2–3, 148:24–149:3, 149:6–8, 149:12–24, 174:8–11, 174:13, 174:15–19, 176:21–177:2 |
| 53-5 through 53-11 | Each exhibit shall be sealed in its entirety |
| 53-14 | Redact pages 5–9 of 30 (except page 5, line 16 of 22) |
| 53-15 | Redact paragraphs 29, 34, 35, 39 |
| 58-1 | Redact page exhibit 8 thereto |
| 58-6 through 58-13 | Each exhibit shall be sealed in its entirety |
| 58-15 through 58-27 | Each exhibit shall be sealed in its entirety |

IT IS SO ORDERED.

Dated: June 13, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York