UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED POOL DISTRIBUTION, INC.,

                        Plaintiff,

v.

CUSTOM COURIER SOLUTIONS, INC.,

                        Defendant.
_____

Case # 22-CV-06314-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff, United Pool Distribution, Inc., brought this action against Defendant, Custom Courier Solutions, Inc., alleging eight claims. ECF No. 1. After motion practice, the only remaining claim is Plaintiff's breach of contract claim premised on the nonsolicitation provision of the agreement between the parties. ECF No. 73. The issue of damages as to this claim was reserved for trial, but at the status conference held on November 12, 2024, the Court ordered the parties to return to mediation. ECF Nos. 72, 76. Plaintiff now moves for attorney's fees, costs, and expenses since July 31, 2024, under Federal Rule of Civil Procedure 16, 28 U.S.C. § 1927, and the Court's inherent-sanctions power. ECF No. 80. Defendant opposes the motion. ECF No. 84. For the following reasons, Plaintiff's motion for attorney's fees, costs, and expenses (ECF No. 80) is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16 allows the Court to sanction a party or its attorney if he or she "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A)–(C). The Rule provides that a court may "issue any just orders," including the sanctions authorized by Federal Rule of Civil

1

Procedure 37(b)(2)(A)(ii)–(vii) due to noncompliance with this rule. Fed. R. Civ. P. 16(f)(1). It also requires that instead of or in addition to any other sanctions, the court "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). A mediation session is a type of "pretrial conference" for purposes of Rule 16. *See Francis v. Women's Obstetrics & Gynecology Group, P.C.*, 144 F.R.D. 646, 647 (W.D.N.Y. 1992).[1]

## BACKGROUND

After the Court ordered the parties back to mediation to determine damages related to the one remaining claim, the parties attended a mediation session on January 3, 2025. ECF No. 80-1 at 4. According to Plaintiff, Defendant brought multiple representatives from a company called Wing Lake Capital Partners ("Wing Lake") to this session. *Id.*[2] Plaintiff, who had never heard of Wing Lake before the session, was surprised when Wing Lake's CEO gave an opening statement explaining that Wing Lake had loaned a significant sum of money to Defendant over the past several years. *Id.* at 4–5. Plaintiff claims that the CEO told those present that Wing Lake had not authorized any of Defendant's prior settlement offers and that Wing Lake would not authorize anything more than a "nominal settlement payment." *Id.* According to Plaintiff, due to these revelations, the mediator immediately ended the session. *Id.* Defendant maintains that it explained Wing Lake's status as Defendant's secured lender to the mediator, and that even though the

---

[1] While Plaintiff also moves for fees, costs, and expenses pursuant to 28 U.S.C. § 1927 and the Court's inherent-sanctions power, because the Court ultimately concludes that Defendant and Defendant's counsel are both liable under Rule 16, it need not discuss 28 U.S.C. § 1927 or the Court's inherent-sanctions power.

[2] Defendant disputes the factual accuracy of some of the statements Plaintiff claims were made at the mediation session. ECF No. 84-2 at 4. However, it does not explicitly dispute any of the relevant facts described in this section.

mediation ended without any discussion of a settlement amount, Wing Lake is agreeable to an amount consistent with Defendant's last offer to Plaintiff. ECF No. 84 ¶¶ 20, 23.

Plaintiff now moves for fees, costs, and expenses since July 31, 2024, which was the date of this Court's decision (ECF No. 73) dismissing the other claims against Defendant and reiterating that the only surviving claim is for breach of contract premised on the nonsolicitation provision of the agreement. ECF 80-1 at 2.

## DISCUSSION

Plaintiff argues that it is entitled to fees, costs, and expenses under Rule 16(f)(1)(B) because Defendant was "substantially unprepared to participate," and did not "participate in good faith," in the mediation session. ECF No. 80-1 at 5. Specifically, it argues that Defendant's unauthorized settlement offers, and its failure to inform Plaintiff of Wing Lake's status and position as to the settlement offers, has wasted Plaintiff's, the Court's, and the mediator's time, money, and efforts. *Id.* As a result, it claims that since July 31, 2024, any efforts to resolve this litigation have been a waste of time and effort and that Defendant and Defendant's counsel should be sanctioned for their bad faith. *Id.* at 6.

In response, Defendant argues that Plaintiff's motion should be denied because it violates the confidentiality rules in the Court's Alternative Dispute Resolution Plan, which state that "[n]o participant in the mediation process or any portion thereof may communicate confidential information acquired during mediation without the consent of all parties." ECF No. 84-2 at 3. In the alternative, it argues that it acted in good faith during the litigation and mediation. *Id.* at 4. It maintains that it was not required to disclose Wing Lake's existence, and that Plaintiff could have done a public search for secured lenders. *Id.* Further, it argues that it did not learn of Wing Lake's interest in participating in the mediation until shortly before and that it submitted that information

3

to the mediator. *Id.* at 4–5. Because the mediator only instructed the parties to submit their statements to him, it argues it was under no obligation to disclose the status of Wing Lake to Plaintiff earlier. *Id.* at 5. Finally, it argues that Wing Lake's status did not doom the mediation and that the parties' inability to agree on a settlement does not mean that one party wasted the other party's time. *Id.*

The Court rejects Defendant's argument that Plaintiff violated the Court's confidentiality rules. The Court's Alternative Dispute Resolution Plan allows a party to disclose minimal information when necessary to establish that the other party's conduct is sanctionable. *Fisher v. SmithKline Beecham Corp.*, No. 07–CV–0347A, 2008 WL 4501860, at *5 (W.D.N.Y. Sept. 29, 2008). In this case, Plaintiff only disclosed information that was relevant for establishing that Defendant's conduct was sanctionable and therefore, the Court concludes that Plaintiff has not violated the confidentiality rules.

As for Defendant's other arguments, while Defendant may not have been required to disclose any of the information related to Wing Lake, its failure to disclose that information unduly delayed the resolution of this matter. If its settlement offers were unauthorized, then Defendant had an obligation to tell Plaintiff as soon as it learned they were unauthorized to avoid delaying litigation. Further, Wing Lake's position as to its role in the litigation and position as to a settlement amount were integral to any future settlement negotiations. As soon as Defendant learned of its desire to be involved in mediation, Defendant should have told Plaintiff that Wing Lake's representatives would be attending the mediation session.

The Court does not believe that this is simply a matter of disagreement over a settlement amount. Defendant and Defendant's counsel should have known that Plaintiff could not have properly prepared for the mediation session absent the information about Wing Lake's role in the

litigation and its position that it would only offer a nominal settlement amount. Therefore, they should have known that their actions would cause the session to be unsuccessful and consequently, cause an unnecessary delay in resolving the matter. Thus, the Court concludes that Defendant and Defendant's counsel did not act in good faith to resolve this matter at the mediation session. Additionally, Defendant's decision to allow Wing Lake—which is not a party to this action—to set the terms of the mediation and the settlement amount demonstrates that it was substantially unprepared for serious negotiations as to a settlement amount. As such, the mediation session was doomed to fail, and Defendant and Defendant's counsel wasted the Plaintiff's, the mediator's, and this Court's time and resources.

Rule 16(f)(1)(B)'s "explicit reference to sanctions" reflects the rule's intention to "encourage forceful judicial management" and vests a district court with "discretion to impose whichever sanction it feels is appropriate under the circumstances." *Huebner v. Midland Credit Management*, Inc., 897 F.3d 42, 53 (2d Cir. 2018) (citation omitted). This sanctioning power accords with the Court's broader inherent power and responsibility to manage its docket to achieve the orderly and expeditious disposition of cases. *Id.*

In this case, the Court concludes that Defendant and Defendant's counsel did not comply with Rule 16(f)(1)(B) because they did not act in good faith and were substantially unprepared to participate in the mediation session, which unnecessarily delayed the resolution of this matter. The Court also finds that their noncompliance was not substantially justified. Therefore, the Court concludes that under the circumstances, an award of fees, costs, and expenses incurred since July 31, 2024, is warranted under Rule 16. Defendant and Defendant's counsel are jointly liable for the fees, costs, and expenses. Plaintiff is directed to submit its fees, costs, and expenses to the Court and opposing counsel for review.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees, costs, and expenses incurred by Plaintiff since July 31, 2024 (ECF No. 80) is GRANTED. After Plaintiff submits its fees, costs, and expenses, the Court will determine an amount for the award. At the status conference scheduled for February 13, 2025, the Court will set a trial date.

IT IS SO ORDERED.

Dated: February 4, 2025

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York