UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED POOL DISTRIBUTION, INC.,

                                            Plaintiff,

                                                                                         Case # 22-CV-06314-FPG

v.

                                                                                         DECISION AND ORDER

CUSTOM COURIER SOLUTIONS, INC.,

                                            Defendant.

## INTRODUCTION

Plaintiff, United Pool Distribution, Inc., brought this action against Defendant, Custom Courier Solutions, Inc., alleging eight claims. ECF No. 1. After motion practice, the only remaining claim is Plaintiff's breach of contract claim premised on the nonsolicitation provision of the agreement between the parties. ECF No. 73. The issue of damages as to this claim was reserved for trial, but the Court ordered the parties to return to mediation. ECF Nos. 72, 76. After mediation was unsuccessful, the Court scheduled a status conference with the intention of setting a trial date. *See* ECF No. 86. Shortly after, Franklin Capital Group, LLC and Franklin Capital Management, LLC (the "Movants") moved to intervene in this action. ECF No. 87. Plaintiff opposes the motion. ECF No. 92. Defendant takes no position on the motion. ECF No. 91. For the reasons that follow, Movants' motion to intervene is DENIED.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide for intervention as of right under Rule 24(a), which states

> [o]n timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

1

Fed. R. Civ. P. 24(a). Under Second Circuit precedent, a movant seeking to intervene as of right must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F. 4th 792, 799 (2d Cir. 2022) (quotation omitted). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (quotation omitted). The movant bears the burden of demonstrating that it meets the requirements for intervention. *Floyd v. City of New York*, 302 F.R.D. 69, 83 (S.D.N.Y. 2014), *aff'd in part, appeal dismissed in part,* 770 F.3d 1051 (2d Cir. 2014).

Under Rule 24(b)(1)(B), "on timely motion the Court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Under Rule 24(b), the court considers the same four factors as under Rule 24(a), as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights. *See* Fed. R. Civ. P. 24(b)(3); *R Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

## BACKGROUND

On July 22, 2022, Plaintiff brought the instant action in this Court. ECF No. 1. On March 23, 2023, Plaintiff amended its complaint. ECF No. 38. In the amended complaint, Plaintiff brought eight claims against Defendant. *Id.* After motion practice, the only remaining claim is Plaintiff's breach of contract claim premised on the nonsolicitation provision of the agreement between the parties. ECF No. 73. The issue of damages as to this claim was reserved for trial, but at the status conference held on November 12, 2024, the Court ordered the parties to return to

2

mediation. ECF Nos. 72, 76. Mediation was unsuccessful, and on February 4, 2025, the Court scheduled a status conference with the intention of setting a trial date. *See* ECF No. 86.

On February 6, 2025, Movants moved to intervene in this action. ECF No. 87. Movant Franklin Capital Group claims that it has loaned money to Defendant, a significant portion of which remains outstanding. ECF No. 87-1 at 4. Movant Franklin Capital Management claims that Defendant hired it to provide consulting services, and that Defendant owes a significant balance for those services. *Id.* Specifically, Movants maintain that Defendant's principals granted Movants security interests in certain collateral. *Id.* at 6. Movants claim that they perfected their security interests as to Defendant's assets, and those of the Defendant's principals, by filing the appropriate documents pursuant to the Uniform Commercial Code. *Id.* Thus, Movants maintain that they hold the most senior security interest in all of Defendant's assets, including all accounts receivable. *Id.*

Movants therefore seek to intervene in this matter and to assert (1) a claim for declaratory relief recognizing their status as Defendant's senior secured lenders; and (2) a claim for injunctive relief, barring Plaintiff from taking any steps to take any of Defendant's assets or to otherwise impair Movants' senior security interests in those assets. *Id.* at 4. Movants argue that they are entitled to intervene as of right under Rule 24(a)(2) or in the alternative, that they should be granted permissive intervention under Rule 24(b)(1)(B). *Id.* at 6.

## DISCUSSION

Under both Rule 24(a)(2) and Rule 24(b)(1)(B), the threshold inquiry is whether the application for intervention is timely. *See NAACP v. New York,* 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."). "The timeliness requirement is flexible and the decision is one

entrusted to the district judge's sound discretion." *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986). When determining whether a motion is timely, the Court considers "(a) the length of time the [movant] knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the [movant's] delay; (c) prejudice to [the movant] if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987).

In particular, "[w]hether a motion to intervene is 'timely' is determined in large part by analyzing whether the parties to the case would be prejudiced by intervention, and whether the proposed intervenor will be prejudiced by being kept out of the litigation." *CIFI Latam, S.A. v. Tauch*, No. 19-CV-5607, 2020 WL 1164687, at *2 (S.D.N.Y. Mar. 11, 2020). "Generally, the Second Circuit disfavors intervention after liability has been adjudged because 'it fosters delay and prejudice to existing parties.'" *Floyd*, 302 F.R.D. at 84 (quoting *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988)).

Movants argue that the motion is timely because they "had not been made aware of the status of this case until very recently." ECF No. 87-1 at 4. They also argue that the parties in this case will not be prejudiced by their intervention because they do not seek to delay the proceedings. *Id.* at 8. Instead, they seek to protect their claim to Defendant's collateral and "wish to ensure that in the event that Plaintiff is successful in obtaining a judgment against Defendant, there is no chance for Plaintiff to try to enforce a judgment to the detriment" of their rights. ECF No. 95 at 6.

Plaintiff argues that this motion is unduly delayed because this action had been pending for thirty-one months before Movants moved to intervene. ECF No. 92 at 6. Plaintiff further argues that Movants are intervening at the eleventh hour and will cause more delay and prejudice to the parties by putting the parties through additional pleadings, motions, and discovery for the limited

benefit of allowing a second party to argue the merits of another party's case. *Id.* at 7–8. Plaintiff also argues that Movants will not be prejudiced if intervention is denied because any security interests will remain after trial. *Id.* at 8.

Movants have not provided the Court with a specific date that they learned of their interest in this case. But even assuming that they only recently learned of their interest in this case, the other timeliness factors weigh against Movants.[1] Therefore, the Court concludes that Movants have not met their burden to show that this motion is timely under Rule 24(a) or 24(b).

First, the existing parties would be prejudiced by Movants' intervention this late in the litigation. Movants argue that they do not seek to delay the proceedings, but nevertheless, their intervention would delay the proceedings. When Movants moved to intervene, the Court had already set a status conference with the intention of setting a trial date at that conference. *See* ECF No. 86. The status conference was postponed to April 16, 2025, but the Court intends to set a trial date at that conference. If the motion to intervene were to be granted, the Court would have to delay setting a trial date to allow Movants to plead their claims. While it is unclear how long the delay would be, any delay at this point would prejudice the parties, as it would further delay the trial, which the parties and this Court are otherwise prepared to commence. Further, liability has already been adjudged in this case based on the pretrial motions. It is disfavored in this Circuit to allow intervention after liability has been adjudged because it "fosters delay and prejudice to existing parties." *Farmland Dairies*, 847 F.2d at 1044. Consequently, the Court concludes that Movants' intervention at this point in the litigation would prejudice the existing parties.

---

[1] Neither Plaintiff nor Movants have identified any unusual circumstances militating for or against a finding of timeliness, and therefore the Court will not discuss this factor.

Second, Movants will not be prejudiced by the denial of their motion. Movants argue that they have a very broad security interest in Defendant's assets, and any effort on the part of Defendant to satisfy a judgment in this case will impact Movants' collateral. ECF No. 95 at 6. Movants therefore argue that they must intervene to protect their interests in Defendant's collateral. *Id.* However, to demonstrate that Movants will be prejudiced by the denial of this motion, they must show that their *absence from the litigation* is the cause of their harm. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 391 (2d Cir. 2006). Here, Movants' interest in Defendant's collateral will remain even if their motion is denied. Thus, the cause of their harm is not their absence from this litigation. Instead, it is a result of Defendant's breach of contract, which intervention cannot change. Further, any dispute about who is entitled to Defendant's assets is a question relevant for enforcing a judgment after damages have been determined. It is not relevant for determining the damages to be awarded in this case, which is the only question remaining for trial. Accordingly, Movants will not be prejudiced by the denial of this motion.

In sum, Movants have failed to satisfy the threshold timeliness inquiry required to intervene under Rule 24(a) or 24(b) and therefore, their motion to intervene is denied.

## CONCLUSION

For the foregoing reasons, Movants' motion to intervene, ECF No. 87, is DENIED, and Movants' MOTION for Leave to Appear at Status Conference Remotely, ECF No. 96, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 9, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York