UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

UNITED POOL DISTRIBUTION, INC.,

           Plaintiff,

                    Case # 22-CV-06314-FPG

v.

                    DECISION AND ORDER

CUSTOM COURIER SOLUTIONS, INC.,

           Defendant.
───────────────────────────────────────

## INTRODUCTION

On February 4, 2025, the Court granted Plaintiff's motion for attorney's fees, costs, and expenses, finding that Defendant and Defendant's counsel did not act in good faith and were substantially unprepared to participate in the mediation session held on January 3, 2025, in violation of Federal Rule of Civil Procedure Rule 16(f)(1)(B). ECF No. 86. The Court asked Plaintiff's counsel to submit its fees, costs, and expenses to the Court and opposing counsel for review. *Id.* Plaintiff requests $58,425.35 in fees, costs, and expenses. ECF Nos. 89, 90. Defendant argues that Plaintiff's request should be significantly reduced. ECF No. 93. For the reasons that follow, the Court concludes that Plaintiff shall be awarded $11,020.00 in fees, costs, and expenses.

## DISCUSSION

Defendant disputes both the reasonableness of the rates charged by Plaintiff's attorneys as well as the reasonableness of the hours expended by Plaintiff's attorneys. *See* ECF No. 93. The Court discusses each in turn.

**I. Reasonable Rate**

The parties disagree about what constitutes a reasonable rate for Plaintiff's attorneys. Plaintiff maintains that its out-of-district rate, ranging between $250 per hour for paralegals to $660 per hour for partners, is reasonable because when a party hires counsel from within its own

district, it is presumptively reasonable. ECF No. 94 at 6–7. As both Plaintiff and its counsel are from the Southern District of Ohio, Plaintiff argues that the Court should apply its out-of-district rate. *Id.* at 7. However, Defendant argues that Plaintiff's attorneys' rates are well in excess of the rates within this district and that Plaintiff has failed to show why it should be awarded an out-of-district rate. ECF No. 93 at 9. Essentially, Defendant argues that the Court should apply the forum rule when calculating fees in this case. The forum rule provides that courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation and internal quotation marks omitted).

The principal objective of awarding attorney's fees as sanctions is to deter sanctionable conduct. *See Caisse Nationale de Credit Agricole–CNCA, New York Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir. 1994); *On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448, 452 (2d Cir. 2009) (summary order). Accordingly, district courts have discretion in determining the rate for attorney's fees awarded as sanctions and are not bound by the forum rule or other presumptions, which apply when calculating attorney's fees in other contexts. *See Ceglia v. Zuckerberg*, 10-CV-00569, 2012 WL 503810, at *7 (W.D.N.Y. Feb. 14, 2012); *On Time Aviation, Inc.*, 354 F. App'x at 452 (concluding that the reasoning behind the calculation of awards under fee-shifting statutes is not "precisely analogous" to that applicable to sanctions awards). In this case, the Court concludes that calculating attorney's fees using the hourly rates typically employed in this district is adequate for deterring further sanctionable conduct, and therefore the Court will use the prevailing rates in this district when calculating the award. *See McCullough v. World Wrestling Entertainment, Inc.*, No. 15-CV-1074, 2021 WL 4472719, at *3 (D. Conn. Sept. 30, 2021).

"[D]etermination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)). Based upon this Court's familiarity with the prevailing hourly rates in this district and rates awarded in prior cases within this district, the Court finds that rates of $300 per hour for partners, $200 per hour for associate attorneys, and $100 per hour for paralegals are the appropriate rates for this award. *See Ortiz v. Stambach*, 657 F. Supp. 3d 243, 269 (W.D.N.Y 2023) (finding rates of $300 per hour for experienced attorneys, $200 per hour for associates, and $100 per hour for paralegals reasonable hourly rates in this district); *Warr v. Liberatore*, No. 13-CV-6508, 2022 WL 969528, at *5 (W.D.N.Y. Mar. 31, 2022) (collecting cases and finding a $295 per hour rate reasonable for an experienced attorney in this district). Consequently, the Court will apply those rates when calculating the award amount.

## II.      Reasonableness of Hours and Expenses

The parties also disagree about the reasonableness of the hours Plaintiff's counsel expended on this case. Plaintiff argues that the hours are reasonable. ECF No. 94 at 8. However, Defendant believes that the hours should be reduced by half as a "practical means of trimming fat from a fee application." ECF No. 93 at 10. Defendant also argues that Plaintiff should not recover any of the travel expenses it seeks because they would not have incurred those expenses if Plaintiff had hired counsel in this district. *Id.* at 8.

Again, the principal objective of awarding attorney's fees and expenses as sanctions is to deter sanctionable conduct. *See Caisse Nationale de Credit Agricole–CNCA, New York Branch*, 28

F.3d at 266. In this case, the Court sanctioned Defendant and Defendant's counsel because they did not act in good faith and were substantially unprepared to participate in the mediation session, which unnecessarily delayed the resolution of this matter in violation of Rule 16(f)(1)(B). ECF No. 86 at 5. Pursuant to Rule 16(f)(2)

> [i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Therefore, the Court must award reasonable expenses incurred due to Defendant's failure to act in good faith and failure to prepare for the mediation session, but it is not required to award expenses that Plaintiff would have incurred regardless of Defendant's noncompliance with Rule 16.

In this case, the Court concludes that it is appropriate to only award Plaintiff fees, costs, and expenses related to Defendant's actions at the mediation session. Many of the hours submitted by Plaintiff's counsel relate to work that is not a result of Defendant's sanctionable conduct. For instance, Plaintiff's first entry, for time analyzing "court order on CCS summary judgment motion," would have needed to be completed regardless of Defendant's sanctionable conduct. *See* ECF No. 90-1 at 2. The Court believes that it would be inappropriate to award fees based on work that Plaintiff would have had to needed to complete regardless of Defendant's noncompliance, as an award of expenses related to Defendant's noncompliance is adequate to deter future sanctionable conduct. Therefore, the Court will reduce Plaintiff's fees, costs, and expenses to reflect only those incurred due to Defendants noncompliance with Rule 16.

First, the Court turns to the hours submitted by Plaintiff. It concludes that all hours recorded prior to December 10, 2024, will not be included in the award. ECF No. 90-1 at 2–3. All of those

4

entries relate to status conferences and research that were not the result of Defendant's noncompliance with Rule 16. *See id.* As for the entries between December 10, 2024 and January 3, 2025, the Court concludes that all of those entries—with the exception of those on December 17 and 18, 2024, for researching New York Law—will be included in the award. *Id.* at 3. Those entries relate to preparation for the mediation, where Defendant did not act in good faith and was unprepared to participate. *See id.*

As for the hours from January 4, 2025 on, most of those relate to drafting and defending the motion for fees, costs, and expenses. *Id.* at 3–4. Generally, a party awarded attorney's fees is also entitled to compensation "for time reasonably spent in preparing and defending" the fee application. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). The Court will award fees for time spent drafting and defending the motion for fees, costs, and expenses. However, the Court finds the number of hours Plaintiff's counsel spent drafting and defending the motion— approximately 27 hours—excessive. *See* No. 90-1 at 3–4. The Court concludes that 10 hours is a reasonable amount of time for drafting and defending the motion. The Court will charge a rate of $300 per hour for five of the hours spent drafting the motion to reflect the time partners spent working on it. *See id.* The other five hours will be charged at a rate of $100 per hour to reflect the time paralegals spent working on it. *See id.* As for the entries between January 4, 2025, and February 7, 2025 not related to the current motion, the specific entries are privileged. *See id.* As such, the Court declines to discuss the specifics, but having reviewed the unredacted entries, concludes that they are not the result of Defendant's sanctionable conduct and will not be included in the award.

Second, the Court turns to Plaintiff's expenses. Most of the expenses pertain to Plaintiff's counsel's travel to Rochester to appear at status conferences. ECF No. 90-2 at 2. Plaintiff's counsel

would have been required to come to Rochester for the status conferences regardless of Defendant's sanctionable conduct and thus, those expenses will not be included in the award. Further, Plaintiff's expense for retrieval of court documents on November 19, 2024, is not related to Defendant's sanctionable conduct and thus will not be included in the award. *See id.* However, the remaining $750 expense for mediation services will be included in the award. *See id.*

### III. Calculation

Finally, the Court calculates the award based on its methodology described above.

| Name | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Andrew Samuels | Partner | $300 | 15.7 | $4,710 |
| Rand McClellan | Partner | $300 | 2 | $600 |
| Rebecca Schrote | Associate | $200 | 12.2 | $2,440 |
| Monica Cantu | Paralegal | $100 | 5.2 | $520 |
| Fees Motion Hours | Partner | $300 | 5 | $1,500 |
| Fees Motion Hours | Paralegal | $100 | 5 | $500 |
| Mediation Expenses | Expense | $750 | N/A | $750 |
| | | | | **$11,020.00** |

## CONCLUSION

For the foregoing reasons, in accordance with the Court's February 4, 2025 Decision and Order (ECF No. 86), Plaintiff is awarded $11,020.00 in fees, costs, and expenses.

IT IS SO ORDERED.

Dated: April 15, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York