UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED POOL DISTRIBUTION, INC.,

                Plaintiff,                  **DECISION AND ORDER**

       v.                                    6:22-CV-06314 FPG CDH

CUSTOM COURIER SOLUTIONS, INC.,

                Defendant.
_____

### INTRODUCTION

On January 5, 2023, Magistrate Judge Marian W. Payson, to whom this matter was then referred for all non-dispositive pre-trial proceedings, entered an Order granting in part and denying in part as moot a motion to compel filed by plaintiff United Pool Distribution, Inc. ("United Pool"). (Dkt. 27). Judge Payson granted "that portion of United Pool's motion [to compel] which seeks reimbursement of the attorneys' fees and costs incurred in making the motion[.]" (*Id.* at 1). She further directed the parties to "promptly meet and confer regarding the amount of attorneys' fees and costs to be reimbursed," and set a briefing schedule in the event agreement could not be reached. (*Id.*).

No agreement having been reached, United Pool filed a fee application on January 19, 2023. (Dkt. 29). Defendant Customer Courier Solutions, Inc. ("Custom Courier") filed a response on February 2, 2023. (Dkt. 30). Included in Custom Courier's response was a request for reconsideration of the decision to award fees. (*Id.* at ¶¶ 6-8). The parties subsequently tried to mediate the fee dispute, but were

not successful in reaching an agreement. On January 8, 2025, the referral order in this matter was reassigned to the undersigned. (Dkt. 83).

For the reasons set forth below, the Court denies Custom Courier's request for reconsideration and awards United Pool attorney's fees in the amount of $3,370.00.

## DISCUSSION

### I.   Request for Reconsideration

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). The reassignment of this case from Judge Payson to the undersigned is not itself a basis to revisit her prior orders or make a *de novo* determination of issues that she has already resolved. *See, e.g., Peyser v. Searle Blatt & Co.*, No. 99 CIV. 10785 (GEL), 2004 WL 307300, at *1 (S.D.N.Y. Feb. 17, 2004).

Custom Courier acknowledges that its request for reconsideration is based on arguments previously advanced by counsel and rejected by Judge Payson. (*See* Dkt. 30 at ¶ 7 ("As I explained in my affirmation of December 27, 2022 (ECF #24), my inability to provide discovery responses sooner was due to my health[.]")). A request

for reconsideration is not "a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotations omitted), *as amended* (July 13, 2012). On the record before it, the Court finds no basis to disturb Judge Payson's determination that reimbursement of fees and costs is warranted. Custom Courier's request for reconsideration is denied.

## II.     Fee Award

### A.     Legal Standard

"When a motion to compel is granted or disclosure of discovery is made after the motion to compel is filed, the Court 'must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Bravia Cap. Partners, Inc. v. Fike*, 296 F.R.D. 136, 143 (S.D.N.Y. 2013) (alterations omitted and quoting Fed. R. Civ. P. 37(a)(5)(A)). Courts in the Second Circuit use the "presumptively reasonable fee" standard as a starting point when determining the amount of a fee award. *Id*. "The presumptively reasonable fee, also known as the lodestar, is the fee a paying client would be willing to pay for the services rendered, and is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."" *Id*. (internal citation omitted and quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

"Once calculated, there is a strong presumption that the lodestar figure is reasonable, but the Court may consider additional factors." *Howard v. City of*

*Rochester*, No. 23-CV-6561-FPG-MJP, 2025 WL 1248365, at *1 (W.D.N.Y. Apr. 30, 2025). Such factors may include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Nathanial L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 5:22-CV-971 (BKS/MJK), 2025 WL 1127489, at *5 (N.D.N.Y. Apr. 16, 2025) (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).

### B. **Calculation of a Reasonable Fee**

United Pool seeks $7,250.00 in legal fees, which it has calculated based on the following attorney hours expended and rates charged in connection with its motion to compel:

| Attorney | Rate (Year) | Hours Worked |
|---|---|---|
| Rand L. McClellan | $520.00 (2022) | 1.1 (2022) |
| Andrew E. Samuels | $495.00 (2022)<br>$555.00 (2023) | 3.3 (2022)<br>4.2 (2023) |
| Paul M. M. Willison | $335.00 (2022) | 8.1 (2022) |

(Dkt. 29 at ¶¶ 2-4). Custom Courier argues that the Court should "award only a small fraction of the requested amount of $7,250" (Dkt. 30 at ¶ 9), contending "the hourly rates for the three attorneys whose time is shown on the timesheets is excessive for attorneys in Rochester and Western New York" (*id.* at ¶ 13) and that the hours expended are excessive given the simple nature of the motion to compel (*id.* at ¶¶ 10-12).

"The Court's first task is determining the reasonable hourly rate." *Howard*, 2025 WL 1248365, at *2. In doing so, the Court will apply the "forum rule," which provides that "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted). "[D]eviation from the forum rule is only appropriate in the unusual case, in which a litigant demonstrates that her selection of counsel was reasonable under the circumstances[.]" *Id.* at 175 (quotations omitted).

United Pool argues that the Court should not apply the forum rule here, because "the fees incurred in this matter have been paid by United Pool, a reasonable client." (Dkt. 29 at ¶ 13). The Court is unpersuaded by this argument, which would apply in virtually every case. The Second Circuit has made clear that "when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023) (citation omitted). United Pool has not overcome that presumption here, because it has not "persuasively establish[ed] that a reasonable client would have selected out-of-district counsel

because doing so would likely (not just possibly) produce a substantially better net result." *Id.* (citation omitted). The Court will therefore not award out-of-district rates.

Judge Frank P. Geraci, Jr., the presiding district judge, recently issued a Decision and Order in this matter in which he concluded that rates of "$300 per hour for partners, $200 per hour for associate attorneys, and $100 per hour for paralegals" were reasonable, based on "the prevailing hourly rates in this district and rates awarded in prior cases within this district[.]" (Dkt. 101 at 3). For the reasons articulated by Judge Geraci, the Court concludes that these rates are appropriately applied in connection with the instant fee application.

The Court next considers the question of a reasonable number of hours. "In reviewing a fee application, 'the district court should exclude excessive, redundant or otherwise unnecessary hours.'" *McFarlane v. Harry's Nurses Registry*, No. 17-CV-6350 PKC PK, 2021 WL 2646327, at *3 (E.D.N.Y. June 28, 2021) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

The Court agrees with Custom Courier that the time expended on the motion to compel appears somewhat excessive. The legal issue presented by the motion to compel was straightforward; indeed, the memorandum of law submitted in support thereof was only four pages long, with the argument section consisting of two paragraphs that did not cite any cases. (*See* Dkt. 20-1 at 3). Courts in this District

have reduced the hours charged for motions to compel that were "not unusual or complex." *Masetta v. Town of Irondequoit*, No. 06-CV-6143T, 2011 WL 1542042, at *2 (W.D.N.Y. Apr. 22, 2011) (finding charge of 6.9 hours "excessive" for straightforward motion to compel); *see also Rich Prods. Corp. v. Impress Indus., Inc.*, No. 05-CV-187S, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing charge of 7.6 hours for preparing straightforward motion to compel). Similarly, the Court concludes that the approximately 9.5 hours spent in drafting the motion to compel and its supporting papers (*see* Dkt. 29-1) was excessive.

The Court "is not obligated to undertake a line-by-line review" of United Pool's fee application, and "may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming fat.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). In its discretion, the Court finds that "the number of hours for which reimbursement is sought should be reduced by twenty percent to arrive at a reasonable number of hours." *Masetta*, 2011 WL 1542042, at *2. The Court has considered the *Arbor Hill* factors, and concludes that no further adjustment is required.

Applying these fee and hours reductions results in the following fee award:

| Attorney | Rate (Year) | Hours Worked |
|---|---|---|
| Rand L. McClellan | $300 | .9 |
| Andrew E. Samuels | $300 | 6 |
| Paul M. M. Willison | $200 | 6.5 |

This amounts to a total award of $3,370.00.

### C. Request to Award Fee Against Counsel Alone

Finally, the Court considers defense counsel's request that the fee award be "against [him] personally, and not [his] client," because he was "solely responsible for the delay in providing responses to Plaintiff's discovery demands." (Dkt. 30 at ¶ 20). As noted above, Rule 37(a)(5)(A) allows the Court to require "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Given defense counsel's representations regarding the delay that necessitated the filing of the motion to compel, the Court will grant his request that the fee award be entered as to him personally.

### CONCLUSION

For the reasons set forth above, and in accordance with Judge Payson's January 5, 2023 Order (Dkt. 27), the Court awards United Pool $3,370.00 in attorney's fees, to be paid by defense counsel.

SO ORDERED.

_____
COLLEEN D. HOLLAND
Unites States Magistrate Judge

DATED: May 12, 2025
       Rochester, NY