UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED POOL DISTRIBUTION, INC.,

                                                              Plaintiff,

                                                               DECISION AND ORDER

v.

                                                               Case # 22-CV-6314-FPG

CUSTOM COURIER SOLUTIONS, INC.,

                                               Defendant.
_____

## INTRODUCTION

A jury trial in this matter is scheduled to begin on December 9, 2025. The parties have both filed motions *in limine*, all of which were resolved at the pretrial conference, with the exception of Defendant's motion to preclude Plaintiff from seeking damages accrued after June 1, 2022. *See* ECF Nos. 117, 121. This Decision and Order addresses the remaining motion, which is resolved below.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The moving party bears the burden of establishing that the evidence is inadmissible for any purpose and is therefore properly excluded on a motion *in limine*. *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 44 (N.D.N.Y. 2022). A court considering a motion *in limine* may reserve decision until trial, "so that the motion is placed in the appropriate factual context." *Id.* (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011)). Further, the court's ruling on a motion *in limine* is preliminary, and "subject to change" as the case unfolds. *Luce*, 469 U.S. at 41.

1

**DISCUSSION**

Defendant moves to preclude Plaintiff from seeking damages accrued after June 1, 2022. ECF No. 117-1 at 8. It argues that because the Court concluded in its June 25, 2024 Decision and Order that the non-solicitation agreement expired on June 1, 2022, Defendant has been free to solicit and compete for business since June 1, 2022, and therefore, Plaintiff should be precluded from seeking damages after that date. *Id.* In response, Plaintiff argues that it incurred damages from Defendant's breach beyond the expiration of the non-solicitation agreement. ECF No. 134 at 6.

The issue presented by Defendant's motion would be one better analyzed in the context of trial, with the benefit of the full evidentiary record. Under New York law, a breaching party is liable for all direct and proximate damages that result from a breach of contract. *Tractebel Energy Mktg, Inc. v. AEP Power Mktg, Inc.*, 487 F.3d 89, 110 (2d Cir. 2007). The damages, however, "must be not merely speculative, possible, and imaginary, but they must be reasonably certain and such only as actually follow or may follow from the breach of the contract." *Id.* "Certainty, as it pertains to general damages, refers to the fact of damage, not the amount." *Id.* (internal quotation marks and emphasis omitted).

Conceivably, Plaintiff may proffer evidence that it incurred reasonably certain damages that actually follow from the breach of contract after June 1, 2022. However, as it stands, the Court only has the parties' brief arguments and a few cases. Because the Court cannot fully assess what Plaintiff's damages theory is, let alone the facts on which said theory is based (and the extent to which Defendant disputes those facts), the Court will not attempt to resolve the issue at this late stage and in this procedural posture. Therefore, the Court declines to make any advance ruling on this issue.

Accordingly, at trial, Plaintiff will not be precluded from proffering evidence of damages accruing beyond June 1, 2022, but, likewise, Defendant will not be precluded from seeking the preclusion of such damages upon a properly submitted Rule 50 motion at the close of Plaintiff's case. That will ensure that Plaintiff has a full opportunity to present its factual theory, and the evidence on which it rests, to the jury, and will equally ensure that Defendant and the Court can properly assess its legal viability. **Both parties should be prepared to more thoroughly address this issue at the close of Plaintiff's case.** Should the Court agree with Defendant's position, it can fashion appropriate relief at that time, including appropriate jury instructions.

## CONCLUSION

For the reasons above, Defendant's motion *in limine* to preclude Plaintiff from seeking damages that accrued after June 1, 2022, is resolved as stated herein.

IT IS SO ORDERED.

Dated: November 18, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York