UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED POOL DISTRIBUTION, INC.,

                              Plaintiff,

                                                                   DECISION AND ORDER

v.

                                                                   Case # 22-CV-6314-FPG

CUSTOM COURIER SOLUTIONS, INC.,

                              Defendant.
_____

## INTRODUCTION

At the close of Plaintiff's proof, Defendant made a Rule 50 motion, arguing that Plaintiff has failed to establish that it is entitled to damages beyond June 1, 2022, as a matter of law. Therefore, Defendant argues that Plaintiff should be precluded from seeking such damages. Plaintiff opposed the motion. The Court resolves the motion as stated herein.

## DISCUSSION

"To succeed on a Rule 50 motion, a movant must show that, after full hearing on an issue at trial, 'there is no legally sufficient evidentiary basis for a reasonable jury' to resolve the issue in favor of the non-moving party." *Cross v. N.Y. Transit Auth.*, 417 F.3d 241, 247 (2d Cir. 2005) (citing Fed. R. Civ. P. 50(a)(1)). "In reviewing a Rule 50 motion, a court may consider all the record evidence, but in doing so it 'must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

Defendant moved pursuant to Rule 50 for Judgment as a Matter of Law on the issue of whether Plaintiff could seek damages accrued after June 1, 2022. Defendant argues that because the Court concluded in its June 25, 2024 Decision and Order that the non-solicitation agreement expired on June 1, 2022, Defendant has been free to solicit and compete for business since June 1,

1

2022, and therefore, Plaintiff should be precluded from seeking damages after that date. Plaintiff argues that it incurred damages from Defendant's breach beyond the expiration of the non-solicitation agreement and provided the Court with a number of cases purportedly showing that damages should not be limited to the expiration of the solicitation agreement. In response, Defendant contends that at the very least, Plaintiff should be precluded from seeking damages after August 2023, when Defendant entered into a new contract with Burlington Coat Factory ("Burlington").

As the Court explained in its November 18, 2025 Decision and Order, under New York law, a breaching party is liable for all direct and proximate damages that result from a breach of contract. *Tractebel Energy Mktg, Inc. v. AEP Power Mktg, Inc.*, 487 F.3d 89, 110 (2d Cir. 2007). The damages, however, "must be not merely speculative, possible, and imaginary, but they must be reasonably certain and such only as actually follow or may follow from the breach of the contract." *Id.* "Certainty, as it pertains to general damages, refers to the fact of damage, not the amount." *Id.* (internal quotation marks and emphasis omitted). Therefore, in order to be entitled to damages after the non-solicitation agreement expired, Plaintiff must proffer evidence that it incurred reasonably certain damages that actually follow from the breach after June 1, 2022.

As to damages from June 1, 2022 to August 2023, the Court concludes that Plaintiff has provided a legally sufficient evidentiary basis for a reasonable jury to find that it incurred reasonably certain damages that actually follow from the breach. Plaintiff has provided evidence that Defendant entered into a contract with Burlington in September 2021 and that Defendant continued to work with Burlington under that contract beyond the expiration of the non-solicitation period. As such, there is sufficient evidence such that a reasonable jury could find that Plaintiff

incurred reasonably certain damages that actually follow from the breach that occurred prior to the expiration of the non-solicitation agreement.

As to damages after August 2023, the Court concludes that Plaintiff has not provided a legally sufficient evidentiary basis for a reasonable jury to find that it incurred reasonably certain damages that actually follow from the breach. Specifically, the Court concludes that Plaintiff has failed to provide legally sufficient evidence that the fact of damages after August 2023 is reasonably certain. It is undisputed that Defendant's 2021 contract with Burlington ended in August 2023 with the signing of a new contract.[1] It is also undisputed that in April 2023, Burlington solicited bids for its business in Western New York and that Plaintiff did not submit a bid, despite being aware of the bid process. Plaintiff's only evidence that it is entitled to damages after August 2023 is Mr. Sprockett's testimony suggesting that in its other dealings with Burlington, Plaintiff's contracts with Burlington typically extended at least four years. As the Court explained above, to prove the fact of damages, a Plaintiff must show that the damages, are not "merely speculative, possible, and imaginary." *Tractebel Energy Mktg, Inc.,* 487 F.3d at 110. Here, the Court concludes that Mr. Sprockett's testimony is speculative at best, especially given the undisputed evidence that Defendant's contract did not last at least four years. Therefore, it concludes that Plaintiff has not provided a legally sufficient evidentiary basis for a reasonable jury to find that it incurred reasonably certain damages that actually follow from the breach after August 2023, and Plaintiff will be precluded from seeking such damages.

---

[1] To the extent Plaintiff has argued that it is unclear whether Defendant is still operating under the 2021 contract with Burlington, the Court rejects that argument. There is testimony that the August 2023 agreement superseded the 2021 agreement, and Plaintiff has not introduced any evidence to the contrary.

## CONCLUSION

For the reasons above, Defendant's Rule 50 motion regarding damages incurred after June 1, 2022, is resolved as stated herein.

IT IS SO ORDERED.

Dated: December 10, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York